IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL J. PRATT, | ) | No. C 12-5934 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| PLANT OPERATIONS - MAINTENANCE DEPARTMENT, et al., | ) ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the prison officials at Salinas Valley State Prison ("SVSP"). Plaintiff's motions for leave to proceed in forma pauperis are granted in a separate order. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1 *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2     To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements:
3 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4 the alleged violation was committed by a person acting under the color of state law. *See West v.*
5 *Atkins*, 487 U.S. 42, 48 (1988).

6 B.    <u>Plaintiff's Claim</u>

7     According to the complaint, Plaintiff told a prison official that a drain was missing from a
8 shower which was conformed to the requirements of the Americans with Disabilities Act. In
9 response, the prison official removed the drain cover, and placed a work order for repair.
10 However, the prison official did not close off the shower until it was in fact repaired. Prior to its
11 repair, Plaintiff used the shower and fell into the hole where the drain cover should have been.
12 As a result, Plaintiff re-injured his back.

13     The Constitution does not mandate comfortable prisons, but neither does it permit
14 inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The conditions under which
15 a prisoner is confined are subject to scrutiny under the Eighth Amendment. *See Helling v.*
16 *McKinney*, 509 U.S. 25, 31 (1993). A prison official violates the Eighth Amendment when two
17 requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious,
18 *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison
19 official possesses a sufficiently culpable state of mind, *Farmer*, 511 U.S. at 834 (citing *Wilson*,
20 501 U.S. at 297). A prisoner may state a § 1983 claim under the Eighth Amendment against
21 prison officials where the officials acted with "deliberate indifference" to physical conditions at
22 the prison. *See Frost v. Agnos*, 152 F.3d 1124, 1128-29 (9th Cir. 1998) (ignoring slippery
23 shower floors and other physical impediments may constitute deliberate indifference to a serious
24 risk of harm to mobility impaired inmate). Very liberally construed, Plaintiff's allegation states
25 a cognizable claim that Defendants were deliberately indifferent to Plaintiff's safety.

26     However, Plaintiff has not linked any individual Defendant to a claim by providing facts
27 showing the basis for liability for each Defendant. For example, Plaintiff should allege which
28 Defendants were responsible for violating his constitutional rights, and how he or she was

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
G:\PRO-SE\SJ.LHK\CR.12\Pratt934dwla.wpd     2

responsible for doing so. Plaintiff should not refer to them as a group (e.g., "the Defendants" or "Maintenance Department"); rather, he should identify each involved person by name, and link each of them to the claim(s) by explaining what each Defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that a defendant proximately caused deprivation of federally protected right). Either personal involvement or integral participation of the officers in the alleged constitutional violation is required before liability may be imposed; liability may not be imposed based solely on an officer's presence during the incident. *See Hopkins v. Bonvicino*, 573 F.3d 752, 769-70 (9th Cir. 2009). As Plaintiff's complaint currently reads, Plaintiff has failed to allege any causal connection between the actions of any Defendant, and the harms allegedly suffered by Plaintiff.

Thus, Plaintiff's complaint is DISMISSED. However, Plaintiff will be given an opportunity to amend his complaint to cure these deficiencies if he can do so in good faith.

## CONCLUSION

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (C 12-5934 LHK (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a

1  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
2  pursuant to Federal Rule of Civil Procedure 41(b).
3     IT IS SO ORDERED.
4  DATED: __3/14/13__

_____
LUCY H. KOH
United States District Judge